**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3231
_____

FLORENCE R. PARKER,
                                        Appellant

v.

PENNSTAR BANK, NBT; CITIMORTGAGE, Inc.; DAVID M. GREGORY, Esq.;
JOHN DOE, burglar-agent; CADOZA LUMBER VALLEY COMPANY, Inc.;
CARMEN VITALE, President; RAY JENSON, Log Buyer; MS. LYDA STERNS; SGT.
BLACK; JOHN DOE & JANE DOE AFFIANT; JOHN NOLAN, Chief Assessor; ESQ.
C. DANIEL HIGGINS; JOAN CAROL LANGSTON, Seller; MILFORD VALLEY
ABSTRACT; FIRST PENN ABSTRACT; KATHY M. YOUNG; NATIONAL PENN
BANK; ARROW HEAD ELECTRIC; BOBBY LEE; CREDIT COUNSELING
CENTER; FIRST PENN ABSTRACT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-09-cv-00490)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2011
Before: SCIRICA, SMITH AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 8, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Florence Parker appeals the District Court's dismissal of her amended complaint as a sanction for her failure to comply with discovery orders. We have jurisdiction under 28 U.S.C. § 1291. For the reasons discussed below, we will affirm the District Court's judgment.

Parker filed this pro se civil action in October 2008, naming as defendants Pennstar Bank, NBT; Pennstar's attorney, David Gregory; and two of its employees, Kathy Black and LynDa Starnes.[1] She asserted claims under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and state law. Her claims concerned events leading up to and including a foreclosure action on her home that the defendants successfully prosecuted in Pennsylvania state court; she alleged that she was the victim of a sprawling conspiracy that involved, in addition to the defendants, an unidentified burglar and an individual who purportedly backed out of an agreement to harvest trees on her property.

The parties sparred repeatedly during discovery. As relevant here, on March 5, 2010, a magistrate judge granted the defendants' motion to compel and ordered Parker to provide the defendants with the following information: (1) receipts for and explanations of certain damages that she claimed; (2) her federal and state tax returns for 2004–2008; (3) the names of her prospective witnesses; and (4) the name of the Pennstar employee

---

[1] Parker also named numerous other entities and individuals as defendants; however, she properly served only those defendants listed above, and the District Court therefore dismissed the action as to the other proposed defendants under Rule 4(m) of the Federal Rules of Civil Procedure.

whom she allegedly contacted after obtaining a home equity loan. Parker, however, gave the defendants only the names of her witnesses. The defendants then filed a motion to compel Parker to supply the addresses of her witnesses so that they could be subpoenaed for depositions. The magistrate judge granted that motion on April 13, 2010, and ordered Parker to provide her witnesses' addresses by April 20, 2010, but Parker did not do so. Thus, the defendants filed two motions for sanctions: one concerning Parker's failure to comply with the March 5, 2010 order, and one concerning Parker's failure to comply with the April 13, 2010 order.

The magistrate judge scheduled a hearing on the motions for May 25, 2010. The defendants appeared and presented evidence in support of their motions; Parker failed to attend. Subsequently, the magistrate judge recommended that Parker's amended complaint be dismissed. The District Court, after considering the factors prescribed by Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), approved and adopted the report and recommendation and dismissed the case. Parker then filed a timely notice of appeal.

We review the District Court's order for abuse of discretion, Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007), and evaluate the Court's exercise of discretion by examining how it balanced the factors set forth in Poulis. These factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to comply with court orders; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of

3

sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868.

On appeal, Parker has not meaningfully challenged the District Court's order. Instead, she devotes the bulk of her brief to asking us to reverse the state court's foreclosure order. Putting aside the question of whether the federal courts have the authority to consider the merits of such a claim, see D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), it is simply irrelevant to the crucial issue of whether the District Court erred in dismissing her amended complaint.[2]

On performing our own independent review of the Poulis factors, we conclude that the District Court did not abuse its discretion. Parker was proceeding pro se, and was thus fully responsible for her own conduct. See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). Further, Parker's conduct prejudiced the defendants both by impeding their efforts to prepare their case and also by requiring them to file unnecessary motions to enforce the magistrate judge's orders. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Parker also engaged in a pattern of dilatory conduct. See Poulis, 747 F.2d at 868. As detailed above, she repeatedly ignored the defendants' discovery requests, did not comply with the magistrate judge's orders, and even failed to attend the

---

[2] The appellees filed a motion to strike Parker's brief, and Parker responded with a motion to strike the appellees' brief. Both motions are denied. We also note that in the District Court, Parker filed a motion for appointment of counsel, which the Court denied. Because Parker has not challenged that order on appeal, we will not consider it.

hearing that the magistrate judge scheduled. (This was her second improper absence: she had also previously failed to attend a settlement conference.)

We also agree with the District Court that Parker's conduct was willful. She flouted the magistrate judge's orders, and offered only unpersuasive justifications for her conduct. As the magistrate judge explained, "[t]he plaintiff has since provided excuse after excuse for failure to comply with orders of the court. The plaintiff is no longer credible." We also observe that Parker seemed to engage in gamesmanship concerning legal mail: she apparently refused to provide her address to the defendants and would accept messages only by email, but enabled certain email settings that (she claimed) occasionally prevented her from receiving messages sent by the defendants. It was thus reasonable for the District Court to conclude that Parker had behaved willfully. See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002).

The final Poulis factor — the meritoriousness of the claims — also supports the District Court's order. While we express no opinion as to whether dismissal under Rule 12(b)(6) or summary judgment would have been appropriate, we note that Parker relies in large part on conclusory statements and unfounded speculation. These types of allegations are typically insufficient to state a claim. See, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). For example, many of her claims are premised on her allegation that "John Doe" burglarized her home; however, beyond her conjecture, she has provided no basis to connect the burglary to any of the defendants. Her RICO allegations are similarly ill-developed. Moreover, certain defenses are also apparent: for instance,

Parker has failed to allege that the defendants "act[ed] under color of state law," which is required for her § 1983 claims. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). We thus find no error in the District Court's conclusion that this factor also militated in favor of dismissal.

In light of the fact that at least five of the six Poulis factors support the District Court's decision to dismiss the amended complaint,[3] we conclude that the Court did not abuse its discretion. See Poulis, 747 F.2d at 870. Accordingly, we will affirm the District Court's order dismissing Parker's amended complaint.

---

[3] The District Court concluded that the fifth factor did not support dismissing the action because, while there was evidence that Parker had limited assets, it was not clear from the record that she would not be able to afford to pay a monetary sanction. Cf. Briscoe, 538 F.3d at 263.